Angel Manuel Díaz, demandante y apelado *v.* Asamblea Municipal de Cidra, demandada y apelante.

No. 6012.—*Sometido:* Junio 24, 1932. *Resuelto:* Julio 7, 1932.

C. Domínguez Rubio y F. Navarro Ortiz, abogados de la apelante; Luis F. Camacho y Angel M. Díaz, abogados del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

La Asamblea Municipal de Cidra, con fecha primero de septiembre de 1931 y en una sesión extraordinaria que se celebraba para tomar acuerdos sobre el ajuste del presupuesto y otros asuntos, acordó que para poder reajustar el presupuesto sin rebajar los sueldos a los empleados pequeños lo aconsejable era consolidar el cargo de alcalde con el de director de beneficencia, y al efecto presentó y aprobó una ordenanza que en su sección 1ª. dice así:

"Por la presente se consolidan los cargos de alcalde y director de beneficencia en un solo cargo bajo la denominación de Alcalde Director de Beneficencia."

Esta ordenanza fué remitida al alcalde para su aprobación, quien se negó a aprobarla exponiendo las razones que tenía para su resolución, y la Asamblea Municipal de Cidra, en sesión extraordinaria celebrada el día 17 de septiembre de 1931, resolvió, después de haber estudiado las objeciones del alcalde, someter a votación la referida ordenanza, la cual fué aprobada, votando cuatro asambleístas en favor de la misma y dos en contra.

El alcalde Municipal de Cidra, Sr. Angel Manuel Díaz, solicitó de la Corte de Distrito de Guayama la expedición de un auto de *certiorari* para revisar las actuaciones de la Asamblea Municipal de Cidra en lo que se refiere a la aprobación de dicha ordenanza alegando que la misma es ilegal y nula.

La Corte de Distrito de Guayama expidió el auto solicitado y en definitiva dictó sentencia declarando nula la ordenanza consolidando el cargo de alcalde con el de director de beneficencia, aprobada por la Asamblea Municipal de Cidra en primero de septiembre de 1931 y ratificada el día 17 del mismo mes.

De esta sentencia interpuso recurso de apelación la asamblea municipal demandada.

Alega la parte apelante que la corte inferior erró, primero, al decretar la nulidad de la ordenanza que consolidaba el cargo de Alcalde Municipal de la Cidra al de Director Municipal de Beneficencia, basándose en que, no apareciendo el asunto que culminó en la ordenanza de consolidación en la convocatoria para sesión extraordinaria, no podía tomarse acción en un asunto ajeno a dicha convocatoria; y, segundo, al declarar en su sentencia que el cargo de Alcalde de Cidra, dadas las circunstancias especiales que concurren en este caso, no era consolidable.

Discutiremos en primer término el error que se atribuye a la corte inferior por haber declarado que el cargo de alcalde no puede consolidarse con el cargo de director de beneficencia. El alcalde es un funcionario municipal electo directamente por el pueblo. El artículo 29 de la Ley Municipal dice que el alcalde será electo por el voto popular en la misma forma requerida por la ley para los miembros de la asamblea municipal y deberá reunir las mismas condiciones de elegibilidad que éstos. El artículo 18 de la misma ley dice así:

"Para ser elegible como miembro de la asamblea municipal se necesitará ser ciudadano de los Estados Unidos; ser mayor de edad,

ser residente y elector capacitado en el municipio, y haber residido en el mismo por un período no menor de un año; saber leer y escribir, y no haber sufrido condena alguna por delito grave o cualquier otro delito que implique depravación moral, ni haber sido destituído de cargo público por delincuencia o conducta inmoral.''

Estos son los únicos requisitos que se exigen para que una persona pueda ser elegible como alcalde o como miembro de una asamblea municipal. Cualquier ciudadano que reúna estos requisitos resulta elegible. La asamblea municipal carece de facultades para adicionar requisitos que la ley no exige. Tanto los electores capacitados, cuando se trate de cubrir el cargo de alcalde por elección popular, como los mismos miembros de la asamblea, cuando se trate de cubrir una vacante, deben estar en completa libertad para elegir cualquier candidato que reúna los requisitos que se especifican en la ley.

El artículo 28 de la Ley Municipal autoriza a las asambleas municipales para consolidar los cargos en la forma que lo acordare la mayoría del número total de sus miembros, disponiéndose que el cargo de director de beneficencia, consolidado o no, deberá en todo caso recaer en un médico cirujano autorizado para ejercer su profesión en Puerto Rico. Si se permitiera que los cargos de alcalde y director de beneficencia pudieran consolidarse, el nombramiento para cubrir el cargo que resulte de la consolidación, tendría necesariamente que recaer en un médico cirujano, porque así lo dispone expresamente la ley cuando se consolida con otro el cargo de director de beneficencia. Si la ordenanza aprobada por la Asamblea Municipal de Cidra es válida y está en vigor el día de las elecciones, los electores del municipio de Cidra se verán obligados a elegir a un médico cirujano para el cargo de alcalde. Si los electores hacen caso omiso de la ordenanza, y eligen a un ciudadano que no sea médico cirujano, entonces se estará violando la ley municipal que dice que el cargo de director de beneficencia, consolidado o no, deberá recaer en un médico cirujano. La asamblea municipal no puede imponerse

limitaciones así como tampoco imponérselas al electorado. En este caso la asamblea se vió obligada a aceptar un médico cirujano, para cubrir el cargo que resultó de la consolidación. No pudo elegir ningún ciudadano que no hubiese estado autorizado para ejercer la profesión como médico cirujano. Los requisitos que se exigen a una persona para hacerla elegible como alcalde son los únicos que puede exigir la asamblea para cubrir el cargo, cuando ocurra una vacante. No puede imponer limitaciones adicionales. De todas estas consideraciones se desprende claramente que la Legislatura no tuvo la intención de autorizar a la asamblea para consolidar el cargo de alcalde con el cargo de director de beneficencia. No cabe suponer que el legislador haya tenido la intención de autorizar a las asambleas municipales para privar de su cargo a un alcalde, como ha sucedido en el presente caso, mediante un procedimiento de consolidación de cargos. Y éste sería el resultado inevitable, siempre que se consolidasen los mencionados cargos y el alcalde no fuese un médico cirujano, autorizado para ejercer la profesión. La ordenanza aprobada por la Asamblea Municipal de Cidra adolece, por tanto, del vicio de nulidad.

Resuelto este error es innecesario discutir si la consolidación de cargos estuvo o no incluída en la convocatoria del alcalde para que la asamblea se reuniese en sesión extraordinaria. Aunque la consolidación de cargos hubiese sido uno de los asuntos a tratar, la asamblea no hubiera estado autorizada para consolidar los cargos de alcalde y director de beneficencia.

*Por las razones expuestas se confirma la sentencia apelada y se declara nula la ordenanza aprobada por la Asamblea Municipal de Cidra en primero de septiembre de 1931, y ratificada en 17 de septiembre del mismo año, consolidando los cargos de alcalde y director de beneficencia.*